IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHELLE WYLES                                                                                              PLAINTIFF

vs.                                         Civil No. 6:23-cv-06016

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                                    DEFENDANT

## MEMORANDUM OPINION

Michelle Wyles ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability application on October 18, 2019.  (Tr. 14).  In this application, Plaintiff alleges being disabled due to a "widow maker heart attack with stint & 30% blockage," sleep apnea and obstructive sleep apnea, right knee problems, edema in her left leg, severe migraines, narcolepsy, TIA, Wolff-Parkinson-White syndrome, hypocholesterolemia,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 9.  These references are to the page number of the transcript itself not the ECF page number.

1

chronic hypokalemia, peripheral venous insufficiency, emphysema, "question on methos methoselima," and sleep walking. (Tr. 205). Plaintiff originally alleged an onset date of March 1, 2016, but she later amended that alleged onset date to May 15, 2019. (Tr. 14). This application was denied initially and again upon reconsideration. *Id.* Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 30-51).

Plaintiff's administrative hearing was held on November 10, 2021. (Tr. 30-51). At this hearing, Plaintiff was present and was represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Dianne Smith testified at this hearing. *Id.* At this hearing, Plaintiff testified she was forty-two (42) years old and had completed high school. (Tr. 34).

On March 3, 2022, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 14-24). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 15, 2019, her amended alleged onset date. (Tr. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments: chronic ischemic heart disease, anxiety, and depressed mood. (Tr. 17, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17-19, Finding 4). In making this determination, the ALJ explicitly considered Listing 4.04 and Listing 12.04. *Id.*

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 19-24, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except with the following specific limitations. She can lift and

> carry no more than 20 pounds at a time but can otherwise frequently lift and carry up to 10 pounds. She can perform activities that require a good deal of standing and walking, as much as 6 hours in an 8-hour workday. She has no postural limitations. Mentally she [can] perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, involves few variables, requires little independent judgment and supervision required is simple, direct and concrete. Additionally she cannot deal with the general public.

*Id.* The ALJ determined Plaintiff was forty (40) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), on her alleged disability onset date. (Tr. 23, Finding 7). The ALJ determined Plaintiff had at least a high school education. (Tr. 23, Finding 8).

The ALJ determined Plaintiff was unable to perform any of her Past Relevant Work ("PRW"). (Tr. 23, Finding 6). Because Plaintiff could not perform her PRW, the ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 23-24, Finding 10). The VE testified at an administrative hearing regarding her ability to perform other occupations. *Id.*

Specifically, the VE testified Plaintiff retained the capacity to perform the following light occupations: (1) sub-assembler with 17,000 such jobs in the national economy; (2) small products assembler with 300,000 such jobs in the national economy; and (3) merchandise marker with 200,000 such jobs in the national economy. (Tr. 24). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff was not under a disability, as defined in the Act, from her amended alleged onset date of May 15, 2019 through the date of her decision or through March 3, 2022. (Tr. 24, Finding 11).

Plaintiff requested review with the Appeals Council. On December 15, 2022, the Appeals Council denied that request for review. (Tr. 1-3). On February 14, 2023, Plaintiff appealed the

ALJ's unfavorable decision. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 28, 2023. ECF No. 6. This matter is now ripe for decision. ECF No. 13, 16.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff

must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 13.  Specifically, Plaintiff raises the following three arguments for reversal: (A) the ALJ erred in assessing Listing 3.02 for chronic respiratory disorder; (B) the ALJ failed to address her chronic severe ongoing edema due to her chronic venous insufficiency; and (C) the ALJ's RFC determination is not supported by substantial evidence in the record.  ECF No. 13 at 1-21.  The SSA has responded to Plaintiff's claims and argues there is no basis for reversal.  ECF No. 16.  Upon review, the Court has considered these arguments and finds Plaintiff's first argument is merited.  Thus, the Court will only address this issue for reversal.

Notably, although Plaintiff titles her first argument that "[t]he ALJ erred in failing to properly assess Listing 3.02 for chronic respiratory disease," Plaintiff also raises the additional argument regarding Step Two of the Analysis. ECF No. 13 at 3-7. Specifically, Plaintiff claims the ALJ erred in finding her respiratory illness was a non-severe impairment: "He did not find her chronic respiratory disorder severe. Plaintiff is on oxygen 24/7. How can that not be severe?" *Id.*

Upon review, the Court finds the ALJ indeed only found the following impairments severe: "chronic ischemic heart disease and anxiety with depressed mood." (Tr. 17, Finding 3). The ALJ did omit any respiratory illness from this list.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

At a minimum in this case, Plaintiff was prescribed oxygen at all times. As noted by Plaintiff, as of September 12, 2020, Plaintiff was prescribed oxygen "24/7." (Tr. 2410). The CTA of the chest reflected the following: "Cardiomegaly with groundglass alveolar densities throughout both lungs. The findings suggest mild pulmonary edema/congestive failure. Atelectasis in the dependent portion of both lungs. Atherosclerosis in the coronary circulation, most pronounced in the left circumflex coronary artery." (Tr. 3361). On September 21, 2021, Plaintiff was directed to "continue with supplemental oxygen as prescribed to maintain SP02 greater than or equal to 92%." (Tr. 3487). Based upon these records, the Court finds the ALJ should have found Plaintiff's respiratory impairment meets the low or *de minimis* standard for a severe impairment. Thus, because the ALJ improperly assessed this impairment, this case must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is not supported by substantial evidence in the record. As such, this case is reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 4th day of October 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE